

FILED
CLERK, U.S DISTRICT COURT

JUN 3 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY

1
2
3
4
5
6
7
8       UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA

10

11  NIGI WAKUMKUTU WILLIAMS,        )    NO. CV 07-2694-R (AGR)

12          Petitioner,             )

13              v.                  )

14  L.E. SCRIBNER, Warden,          )    ORDER ADOPTING
                                         MAGISTRATE JUDGE'S FINAL
15          Respondent.             )    REPORT AND
                                         RECOMMENDATION
16  _____)

17          Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*,

18  including the Petition, the Magistrate Judge's Final Report and Recommendation,

19  and all records in the file.  Having made a *de novo* determination, the Court

20  agrees with the recommendation of the Magistrate Judge and adopts the

21  Magistrate Judge's Final Report and Recommendation.

22          The Magistrate Judge issued her Final Report and Recommendation

23  before the Ninth Circuit's opinion in *Butler v. Curry*, Case No. 07-56204, 2008 WL

24  2331440 (9th Cir. June 9, 2008).  In *Butler*, the court found that the use of

25  probationary status as a basis for imposing an upper term sentence does not fall

26  within the "prior conviction" exception.  *Id.* at *17.  However, the use of

27  probationary status in Petitioner's case was harmless.  *See id.* at *18 (a petitioner

28  "is entitled to relief only if the sentencing error in his case is not harmless").

1  "[T]he relevant question is not what the trial court *would* have done, but what it

2  legally *could* have done." *Id.* at *19 (emphases in original).

3        Unlike in *Butler*, Petitioner's probation report was lodged with the Clerk's

4  Transcript so the Court can know what evidence was submitted in the state court.

5  (Lodged Document ("LD") 1 at 33-48); *see Butler*, 2008 WL 2331440 at *21 ("we

6  have not found a probation report or any other document that reflects Butler's

7  probationary status at the time of the crime").  The date of the current offense

8  was July 19, 2004.  (LD 1 at 33.)  The probation report indicates that Petitioner

9  was on summary probation at the time of the current offense, and that his

10  discharge from parole was not scheduled until December 22, 2006.  (*Id.* at 33.)

11  The report also indicates that Petitioner was convicted on October 7, 2002, of

12  burglary and sentenced to two years in prison.  (*Id.* at 39.)  The burglary

13  conviction was in the case (No. TA066801) referred to by the trial judge when he

14  imposed the upper term.  (*Id.*; LD 2 at 3362-63.)  Therefore, any error in using

15  Petitioner's probationary status to impose the upper term was harmless because

16  had the evidence in the probation report been presented to the jury, it would more

17  likely have found Petitioner's probationary status proved beyond a reasonable

18  doubt.  *See Butler*, 2008 WL 2331440 at *21.

19        The Court also notes that the trial judge could have constitutionally

20  imposed an upper term solely on the basis of Petitioner's prior conviction, which

21  was admitted by Petitioner before trial began. (LD 2 at 11-12); *see Cunningham*

22  *v. California*, 549 U.S. 270, 127 S. Ct. 856, 860, 166 L. Ed. 2d 856 (2007) (A

23  judge cannot "impose a sentence above the statutory maximum based on a fact,

24  other than a prior conviction, not found by a jury or admitted by the defendant.")

25  (citations omitted).

26  ///

27  ///

28  ///

2

1    In Petitioner's objections filed on April 25, 2008 ("April Objections"),[1] he

2  raises a new, unexhausted ground not set forth in his original petition.[2]  The Court

3  will not consider it.  *See Greenhow v. Secretary of Health & Human Servs.*, 863

4  F.2d 633, 638 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before

5  the magistrate and, if unsuccessful, to change their strategy and present a

6  different theory to the district court would frustrate the purpose of the Magistrates

7  Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347,

8  1348 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978 (1993);

9  *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A

10  Traverse is not the proper pleading to raise additional grounds for relief."), *cert.*

11  *denied*, 514 U.S. 1026 (1995).

12    Petitioner's request for a stay while he exhausts this new ground is denied

13  as he has failed to meet the requirements in *Rhines*.  *See Rhines v. Weber*, 544

14  U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) (To obtain a stay,

15  Petitioner must show that he has good cause for his failure to exhaust his claims

16  first in the California Supreme Court, that his unexhausted claims are "potentially

17  meritorious," and that he has not engaged in "intentionally dilatory litigation

18  tactics.").

19  ///

20  ///

21  ///

22

23 ───────────────

   [1]  These are the objections filed in response to the initial Report and
24 Recommendation filed on March 5, 2008.  Petitioner did not file objections to the
   Final Report and Recommendation.

25    [2]  Ground Three of the petition raises the applicability of Cal. Penal Code §
26 654 to the 8-month consecutive sentence the trial court imposed for Petitioner's
   possession of a firearm.  (Petition at 6.)  The new ground is based on the
27 applicability of Cal. Penal Code §§ 654 and 1170(b) to "other sentencing
   measures used to bolster his sentence unlawfully."  (April Objections at 5.)
28 Petitioner admits the new ground is unexhausted and that he has a habeas
   petition currently pending in California that raises this ground.  (*Id.* at 5-6.)

1      IT IS ORDERED that Judgment be entered denying the Petition and

2 dismissing this action with prejudice.

3

4 DATED:   June 30, 2008

5                                    MANUEL L. REAL
                             United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28